UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANIEL JUREK ET AL** | **CASE NO. 6:24-CV-00797** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **FEDERAL HOCKEY L L C ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Now before this Court is a Motion for Entry of Preliminary Default filed by plaintiffs Daniel Jurek and Jane Jurek. (Rec. Doc. 52). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments advanced by Plaintiffs' motion, it is recommended that Defendants' Answer be stricken and, failing response by Defendants within the time to be set by the Court, the Clerk of Court be ordered to enter a default as to any non-responsive, named Defendant. Considering the foregoing, the undersigned recommends that Plaintiffs' instant motion be granted in part and denied in part as premature.

### Factual Background

Plaintiffs filed suit on April 1, 2024 in the Fifteenth Judicial District Court for the Parish of Lafayette, Louisiana, asserting claims for injuries arising from a January 24, 2024 automobile accident, and naming as defendants Federal Hockey, LLC, ("Federal Hockey") Baton Rouge Zydeco, and Wayne Bruce. (Rec. Doc. 1-2, generally). Specifically, Plaintiffs allege that on the date in question, a charter bus owned by Federal Hockey, LLC and/or Baton Rouge Zydeco and operated by Wayne Bruce ran a red light and hit the driver's side of Plaintiffs' vehicle, causing severe injury to Daniel Jurek, the driver. (*Id.* at ¶ 2). Plaintiffs assert claims for physical and mental injuries, property damage, loss of past and future earnings capacity, and loss of consortium. (*Id.* at ¶¶ 5–6).

On June 11, 2024, defendants Federal Hockey and Wayne Bruce removed Plaintiffs' suit to this court, alleging federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1). Defendants' Notice of Removal asserted that complete diversity existed because Plaintiffs are citizens of Louisiana and domiciled in Lafayette Parish while defendant Federal Hockey is an Illinois citizen, and defendant Wayne Bruce is a citizen on Indiana. (*Id.* at ¶¶15–18). Alleging that named defendant Baton Rouge Zydeco is a fictitious entity, Defendants urged the court to disregard Baton Rouge Zydeco—alleged in Plaintiffs' state court petition to be a Louisiana juridical entity—in its jurisdictional evaluation. (*Id.* at ¶ 19). Thereafter, Federal Hockey and Wayne Bruce filed a joint answer. (Rec. Doc. 6).

Plaintiffs filed a Supplemental and Amended Complaint on October 10, 2024, again naming Federal Hockey, Wayne Bruce, and adding Zydeco Hockey, LLC as a named defendant. The Amended Complaint asserts that Zydeco Hockey is a Louisiana limited liability corporation located in East Baton Rouge Parish. (Rec. Doc. 18 at ¶ 1). Federal Hockey, Zydeco Hockey, and Wayne Bruce filed a joint Answer on November 1, 2024. (Rec. Doc. 23). Baton Rouge Zydeco was dismissed by order of the Clerk of Court on November 22, 2204 and subsequent motion by Plaintiffs. (Rec. Docs. 28, 31).

On January 14, 2025, defense counsel filed a Motion to Withdraw. (Rec. Doc. 36). The undersigned Magistrate Judge held a telephone scheduling conference on January 27, 2025, at which pretrial conference and trial dates were selected. (Rec. Doc. 37). Federal Hockey, Zydeco Hockey, and Wayne Bruce were represented by counsel of record during this teleconference. (*Id.*). Given the impact of counsel's motion, particularly noting Federal Hockey and Zydeco Hockey are limited liability corporations and may not proceed *pro se*, the undersigned scheduled a March 11, 2025 telephone conference to discuss counsel's Motion to Withdraw and to advise the corporate defendants of the need to obtain new counsel as quickly as possible. (Rec. Doc. 40). Copies of this Order were sent to Defendants

via certified U.S. Mail at addresses provided by defense counsel. Defense counsel also attempted to notify Defendants of the teleconference via phone. (*Id.*). The record reflects proof of receipt as to all Defendants. (Rec. Docs. 41, 42).

As reflected in the Minutes issued following the March 11 teleconference, Don Lewis appeared in his capacity as an employee of Zydeco Hockey, but no appearance was made by defendant Federal Hockey or Wayne Bruce. (Rec. Doc. 43). Following that teleconference, the undersigned issued an Order granting defense counsel's motion to withdraw and directing Defendants to retain and enroll counsel as soon as possible. (Rec. Doc. 44). A follow-up telephone status conference was also set for April 15, 2025. (*Id.*). Copies of this Order were sent to Defendants via certified U.S. Mail at their addresses of record. (Rec. Doc. 45). The record reflects proof of receipt as to Federal Hockey, but that the Court's mail was returned unclaimed as to Wayne Bruce. (Rec. Docs. 46, 47). No proof of receipt or unsuccessful delivery is filed as to Zydeco Hockey.

Minutes from the April 15, 2025 teleconference reflect that no party appeared. (Rec. Doc. 48). On May 19, 2025, the undersigned issued an order setting a status conference for May 19, 2025. (Rec. Doc. 49). Copies of this Court's April 15 Order were sent to all Defendants via certified U.S. Mail, return receipt requested. (Rec. Doc. 49). The record reflects proof of receipt as to defendant Wayne Bruce on June 10, 2025. (Rec. Doc. 51). Minutes from the June 5 teleconference indicate that no appearance was made by any Defendant.[1] (Rec. Doc. 50).

Against this procedural backdrop, this Court now considers Plaintiffs' Motion for Entry of Preliminary Default. (Rec. Doc. 52).

---

[1] As explained in the Court's Minutes (Rec. Doc. 50), incorrect dial-in information was given, but counsel for Plaintiff was nevertheless able to join the call. The Court received no indicia that any Defendant sought to join the call but was unsuccessful.

**Applicable Standards**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, default "must" be entered by the clerk when "a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The failure of a limited liability corporation to comply with a court's order that the entity appear through enrolled counsel is generally regarded by courts within the Fifth Circuit as "failure to otherwise defend" under Rule 55(a). *Martinez v. Master Flow Techs., LLC*, 2024 WL 4653189 at *2 (W.D. Tex. Oct. 21, 2024); *Johnston v. Johnston*, 2024 WL 2097158 at *1 (E.D. Tex. Apr. 19, 2024) (internal citations omitted), *adopted by*, 2024 WL 2094650 (E.D. Tex. May 9, 2024); *Developers Surety & Indem. Co. v. Cercontec, LLC*, 202 WL 1271603 at *2 (W.D. La. Mar. 13, 2020). A limited liability company is a fictional legal person and may not appear personally on its own behalf as a *pro se* litigant before the court. Pursuant to 28 U.S.C. §1654, such entities are required to appear through enrolled counsel. *Southwest Exp. Co., Inc. v. I.C.C.*, 670 F.2d 53, 55 (5th Cir. 1982) (citing *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975)).

In contrast, an individual may choose to represent himself before the court and, in that instance, appears *pro se* in the matter. *Pro se* litigants are generally afforded latitude and flexibility by courts but are nevertheless responsible for adhering to the rules of procedure and court orders. *Beard v. Experian Information Solutions, Inc.*, 214 Fed. App'x 459, 462 (5th Cir. 2007) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Obtaining a default judgment is a three-step process, requiring (1) default, (2) entry of default, and (3) default judgment. *Id.* (*citing N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996)). Once the clerk has entered a default and that defendant fails to appear or move to set aside the default, the court may, upon the plaintiff's motion, enter a

default judgment. Fed. R. Civ. P. 55(b)(2). Where a party has not yet moved for entry of default, the court may construe a motion for default judgment as one for entry of default. *Johnston*, *supra*, at *2.

## Analysis

Where, as here, a limited liability company previously represented by counsel becomes unrepresented by reason of counsel's withdrawal and fails to enroll new counsel against the orders of the court, the court may strike that defendant's answer and deem all allegations of the complaint admitted by failure to defend. *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984). The defendant LLC's have been expressly ordered to enroll new counsel and warned that failure to do so may result in default. (Rec. Doc. 44). Defendant Wayne Bruce, an individual who is now designated as *pro se* in this matter, was also warned of the potential for default risked by non-participation. (*Id.*).

Courts possess inherent power to control cases before it and parties thereto. The striking of a pleading lies within those inherent powers. *Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 Fed. App'x 324, 332 (5th Cir. 2011) (citing *Smith v. Legg* (*In re United Mkts. Int'l, Inc.*), 24 F.3d 650, 654 (5th Cir. 1994)). The striking of a pleading is an "extreme sanction," to be used only where the court finds "clear and convincing proof" of bad faith or willful conduct by the party to be sanctioned. *In re Moore*, 739 F.3d 724, 729 (5th Cir. 2014).

The procedural record in this case demonstrates that all defendants were expressly ordered to enroll counsel, duly warned of the consequences of failing to enroll counsel or otherwise participate in this litigation, and positively aware of the proceedings and the Court's continuing efforts to gain their participation. As cited above, the failure of the

limited liability company defendants to appear through counsel warrants that the Answer filed on behalf of all defendants be stricken as to the limited liability companies. *Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC*, 2020 WL 10692700 at *2 (W.D. Tex. Apr. 27, 2020) (clerk ordered to strike answer of defendant limited liability company after orders to enroll counsel were ignored).

Similarly, defendant Wayne Bruce's failure to "otherwise defend" this suit by participating as a *pro se* litigant warrants the striking of the Answer as to him. Review of the record discloses that his failure to participate is willful in nature and does not stem from a lack of notice of the instant suit or a misunderstanding of the Court's several orders requiring participation. Given Bruce's clear election to ignore these proceedings, the striking of the answer as to this individual *pro se* defendant is appropriate. *Schiff v. Ward*, 2022 WL 18587806 (N.D. Tex. Dec. 19, 2022) (*pro se* defendant's willful failure to participate in litigation as ordered warranted the striking of his answer *sua sponte*), *adopted by*, 2023 WL 1787162 (N.D. Tex. Feb. 6, 2023).

Considering the severity of the sanction recommended, the undersigned will recommend that all Defendants be notified of the striking of their Answer and of the possibility of entry of default judgment in this case and provided a reasonable time in which to respond. Failing responses by Defendants, it will further be recommended that the Clerk of Court be ordered to enter a default as to each non-responsive, named Defendant. Thereafter, pursuant to Rule 55, the undersigned will also recommend that Plaintiffs be permitted to file an appropriate motion for entry of default judgment.

## Conclusion

Based upon the proposed findings herein of Defendants' failure to "otherwise defend" in this matter, it is recommended that the Answer filed on behalf of all Defendants (Rec. Doc. 23) be STRICKEN from the record of the case. It is further recommended that, after

Defendants are notified by U.S. Mail, return receipt requested, of the Court's action and are provided a reasonable opportunity to respond, the Clerk of Court be ordered to enter a default as to each non-responsive named defendant.  It is further recommended that, following any entry of default by the Clerk of Court, Plaintiffs be permitted to file an appropriate motion for entry of default judgment.  Considering the foregoing, it is finally recommended that Plaintiffs' instant Motion for Entry of Preliminary Default (Rec. Doc. 52) be GRANTED in part and DENIED in part as premature.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

**THUS DONE** in Chambers, Lafayette, Louisiana on this 19th day of June 2025.

_____
David J. Ayo
United States Magistrate Judge