UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

DANIEL JUREK ET AL                          CASE NO.  6:24-CV-00797

VERSUS                                      JUDGE DAVID C. JOSEPH

FEDERAL HOCKEY L L C ET AL                  MAGISTRATE JUDGE DAVID J. AYO

### MEMORANDUM RULING

Before this Court is a MOTION TO SET ASIDE ENTRY OF PRELIMINARY DEFAULT [Doc. 91] filed by Defendants Wayne Bruce and Federal Hockey, LLC (referred to herein as "the Moving Defendants").  For the reasons below, the motion is DENIED.

### Factual and Procedural Background

On April 1, 2024, Plaintiffs Daniel Jurek and Jane Jurek filed a Petition for Damages in the 15th Judicial District Court, Lafayette Parish, Louisiana, arising out of a motor vehicle collision and naming Federal Hockey, LLC, Baton Rouge Zydeco, and Wayne Bruce as defendants.  [Doc. 1-2].  On June 11, 2024, the case was removed to this Court on the basis of diversity jurisdiction.  [Doc. 1].  On June 18, 2024, the Moving Defendants—then represented by Kean Miller—filed an answer.  [Doc. 6].

Plaintiffs amended their Complaint to add Zydeco Hockey, LLC, as a defendant in place of Baton Rouge Zydeco.  [Doc. 18].  On October 18, 2024, Defendants Federal Hockey, LLC, Zydeco Hockey, LLC, and Wayne Bruce—still represented by Kean Miller—filed a MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS with Plaintiffs' consent. [Doc. 21].  This Court granted an additional 14 days through November 1, 2024, within which

1

to file a responsive pleading.  [Doc. 22].  On November 1, 2024, these defendants filed an answer.  [Doc. 23].[1]  On December 6, 2024, Baton Rouge Zydeco was dismissed.  [Doc. 31].

On January 14, 2025, Kean Miller moved to withdraw from representation of all defendants after attempting to confer with them on multiple occasions with no success.  [Doc. 36].  Kean Miller certified that it had diligently but unsuccessfully attempted to obtain defendants' signatures consenting to withdrawal from representation.  [Id.].  On February 24, 2024, the Court issued an order setting a telephone conference for March 11, 2025 to discuss the Kean Miller's pending Motion to Withdraw.  [Doc. 40].  On March 7, 2025, Federal Hockey, LLC, and Zydeco Hockey, LLC, accepted notice of the upcoming telephone conference by certified mail.  [Doc. 41].  On March 10, 2025, Wayne Bruce accepted notice of the upcoming telephone conference by certified mail.  [Doc. 42].  Despite receiving actual notice of the telephone conference, neither Wayne Bruce nor a representative of Federal Hockey, LLC, appeared for the conference.  [Doc. 43].[2]  On March 14, 2025, this Court granted Kean Miller's Motion to Withdraw and ordered Federal Hockey, LLC and Zydeco Hockey, LLC—who may not appear before the Court except through counsel—to retain and enroll counsel as soon as possible.  [Doc. 44].  The Court noted that "[f]ailure to retain counsel and meaningfully participate in this matter may result in the entry of default judgments against the LLC Defendants."  [Id.].

The Court further ordered a follow-up telephone status conference on April 15, 2025.  [Id.].  On March 24, 2025, Federal Hockey, LLC received by certified mail the Court's Order granting Kean Miller's Motion to Withdraw and setting a follow-up status conference.  [Doc. 46].  On April 8, 2025, the Court received notice that the Order granting Kean Miller's Motion to Withdraw and setting a follow-up status conference sent to Wayne Bruce by certified mail

---

[1] This answer was later ordered stricken by Judgment dated July 7, 2025.  [Doc. 54].
[2] Don Lewis, an employee of Zydeco Hockey, LLC, participated.  [Minutes, Doc. 43].

was returned as undeliverable.  [Doc. 47].  During the telephone status conference on April 15, 2025, no parties appeared.  [Doc. 48].  On May 19, 2025, upon Plaintiffs' request, the Court ordered another telephone status conference on June 5, 2025.  [Doc. 49].  During the telephone conference on June 5, 2025, no appearance was made by any named defendant.  [Doc. 50].  The Court noted that Defendants had similarly failed to appear at two prior conferences despite being ordered to appear, and, considering defendants' failure to defend the suit, advised Plaintiffs to file a motion for entry of preliminary default pursuant to Rule Federal Rule of Civil Procedure 55 and Local Rule 55.1.  [*Id.*].  On June 10, 2025, Wayne Bruce accepted the Court's May 19, 2025, Order setting the June 5, 2025, telephone status conference.  [Doc. 51].

On June 16, 2025, Plaintiffs filed a MOTION FOR ENTRY OF PRELIMINARY DEFAULT as to Federal Hockey, LLC, Zydeco Hockey, LLC, and Wayne Bruce.  [Doc. 52].  On June 16, 2025, the undersigned issued a Report and Recommendation recommending that defendants' answer be stricken and, failing response by defendants within the time to be set by the Court, the Clerk of Court be ordered to enter a default as to any non-responsive, named defendant.  [Doc. 53].  On July 7, 2025, the Court adopted the Report and Recommendation and ordered that all named defendants be provided a copy of the Report and Recommendation and the judgment adopting it, notifying them of this Court's intention to direct entry of default by the Clerk of Court if no responsive pleadings were filed within thirty days.  [Doc. 54].  On July 14, 2025, Federal Hockey, LLC, by way of certified mail, accepted the Report and Recommendation and Judgment.  [Doc. 57].  On September 23, 2025, the Clerk of Court entered a NOTICE OF ENTRY OF DEFAULT against Wayne Bruce, Federal Hockey, LLC, and Zydeco Hockey, LLC.  [Doc. 58].  On October 20, 2025, the Clerk of Court received notice that the Report and Recommendation and Judgment sent to Wayne Bruce by certified mail was returned as undeliverable.  [Doc. 59].

3

On November 25, 2025, Plaintiffs filed a Second Amended and Supplemental Complaint, adding BR Pro Hockey, LLC, Christopher Bryniarski, and Federal Professional Hockey League, LLC as defendants.  [Doc. 64].  Summonses were issued to all defendants.  [Doc. 65, 66].  Federal Hockey, LLC, was successfully served on December 11, 2025.  [Doc. 68].  Christopher Bryniarski was successfully served on December 18, 2025.  [Doc. 73].  BR Pro Hockey, LLC, was successfully served on December 22, 2025.  [Doc. 71].  Zydeco Hockey, LLC, was successfully served on December 22, 2025.  [Doc. 72].

On January 26, 2026, BR Pro Hockey, LLC, Christopher Bryniarski, and Zydeco Hockey, LLC, moved to dismiss Plaintiffs' Second Supplemental and Amended Complaint for failure to state a claim.  [Doc. 77].  On February 13, 2026, Plaintiffs opposed the motion to dismiss [Doc. 85], and on February 19, 2026, those defendants filed a reply [Doc. 86].

On February 25, 2026, the Moving Defendants attempted to file an Answer to Plaintiffs' Second Amended and Supplemental Complaint.  [R. 89].  The Answer was set aside as deficient, as the only pleading permissible from a party in default is a motion to set aside default.  [R. 90].

On March 2, 2026, the Moving Defendants filed the instant motion.  [Doc. 91].  In the motion, they state that their "failure to participate was not due to willful conduct, but negligence and carelessness, as well as a lack of understanding of the workings of this legal proceeding."  [Doc. 91-1 at p. 1].  The Moving Defendants argue that failure to set aside the judgment would lead to a harsh and unfair result and that setting aside the judgment would not prejudice Plaintiffs.  [*Id*.].

### **Law & Analysis**

Under Federal Rule of Civil Procedure 55(a), default is appropriate if a defendant has "failed to plead or otherwise defend" the suit.  However, a court may set aside an entry

of default for good cause. Fed. R. Civ. P. 55(c). The good cause standard is a liberal one. *See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). In deciding whether a defendant has shown good cause, courts consider: (1) whether the failure to respond was due to excusable neglect; (2) whether the plaintiff would suffer prejudice if the default was set aside; and (3) whether the defendant presented a meritorious defense. *See id.; CJC Holdings, Inc. v. Wright and Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992) (adopting excusable neglect inquiry instead of willfulness); *see also Metro. Life Ins. Co. v. Dailey*, 2013 WL 5190751 (N.D. Tex. 2013) (applying excusable neglect factor in accord with *CJC Holdings*). These factors are not exclusive but are to be regarded simply as a means to identify good cause. *Effjohn*, 346 F.3d at 563; *In re Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Other factors, such as whether the party acted expeditiously to correct the default, may also be considered. *Id.* Moreover, the Court need not consider all the factors in reaching a determination. Instead, "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause.'" *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2018) (quoting *Dierschke, supra* at 183).

"The decision to set aside a default decree lies within the sound discretion of the district court" and "necessarily is informed by equitable principles." *Dierschke*, 975 F.2d at 183-84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). Under Fifth Circuit precedent, default judgments are "generally disfavored in the law," and, thus, "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984).

Excusable neglect is an elastic concept and extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Coleman v. Bank of N.Y.*

*Mellon*, 2015 WL 5437661, at \*2 (N.D. Tex. 2015) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)). Excusable neglect has been found to include late filings resulting from "mistake, inadvertence or carelessness." *Mattress Giant Corp. v. Motor Adver. & Design, Inc.*, 2008 WL 898772, at \*2 (N.D. Tex. 2008); *In re Waggoner*, 2007 WL 3171740, at \*5 (Bankr. N.D. Tex. 2007) (excusing IRS's delay in answering complaint despite failure to proffer a reason).

"A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (citing *Dierschke*, 975 F.2d at 184). "A *willful default* is an 'intentional failure' to respond to litigation." *In re OCA, Inc.*, 551 F.3d 359, 370 n.32 (5th Cir. 2008) (emphasis in original) (quoting *Lacy*, 227 F.3d at 292). By contrast, defaults resulting from excusable neglect are not willful. *CJC Holdings*, *supra* at 64. As mentioned above, excusable neglect is an "elastic concept" that is not limited to circumstances beyond the movant's control but also extends to "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Alfarouqi v. Tri-Speed Inv., Inc.*, 2013 WL 5314436, at \*3 (N.D. Tex. 2013) (citing *Pioneer Inv. Servs.,* 507 U.S. at 392). The defendant bears the burden of proving by a preponderance of the evidence that their neglect was excusable rather than willful. *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014).

The Moving Defendants do not allege in their memorandum any facts supporting the notion that their failure to participate was not willful. They do not argue that they were unaware of the proceedings against them, that they made any attempt to get in contact with their prior attorneys, that notice was mailed to the wrong address, or that they were in some way incapable of participating in this litigation. Even accepting the Moving Defendants'

contention that they did not fully appreciate the consequences of noncompliance, their default was nevertheless willful: they were given clear notice, several opportunities to appear at telephone status conferences, a defined opportunity to cure their default, and several explicit warnings, yet chose not to act. *See, e.g., United States v. Hassell*, 82 F. App'x 372, 375 (5th Cir. 2003) (affirming denial of motion to set aside default where *pro se* defendants "had already been given an opportunity to cure the defects and file an answer that complied with the federal rules," but "[t]hey did not do so."); *DirectTV. Inc. v. Young*, 2005 WL 8172598, at *7 (S.D. Miss. Sept. 20, 2005) (finding default was willful where defendant was "specifically apprised that an answer would be due . . . and that [plaintiff] would seek default judgment were one not filed, and yet he did nothing."), *aff'd*, 195 F. App'x 212 (5th Cir. 2006); *Interscope Recs. v. Benavides*, 241 F.R.D. 458, 461 (W.D. Tex. 2006) (holding default was willful where defendant had "actual notice of the lawsuit in ample time to file an answer, [and] she neglected to do so with no apparent excuse other than her status as a layman.").

This Court attempted to apprise the Moving Defendants of the necessity of their participation in the proceedings against them after the withdrawal of their retained counsel by ordering their appearance at three telephone conferences to discuss their participation in the case and sending multiple notices to them via certified mail. Despite the actions taken by the Court to urge the Moving Defendants to defend against Plaintiffs' claims, they took no steps to defend themselves or otherwise participate in this litigation whatsoever from January 14, 2024—when Kean Miller sought to withdraw from representing them due to the Moving Defendants' failure to respond to Kean Miller [Doc. 36]—through February 25, 2026, when the Moving Defendants attempted to file an answer after a default judgment had already been entered against them [Doc. 89]. During this period of over two years, the Moving Defendants evaded the actions of the Court, their former attorneys, and Plaintiffs, taking no steps to defend against or otherwise respond to the Court's orders to appear for

telephone conferences, Plaintiffs' Motion for Preliminary Default [Doc. 52], the undersigned's Report and Recommendation [Doc. 53], the judgment adopting the Report and Recommendation [Doc. 54], the striking of the original answer from the record [*Id.*], and the entry of default judgment against them [R. 58].

After continuously failing to appear and/or respond despite court orders, when the Moving Defendants finally chose to begin participating in this matter, they attempted to ignore the default judgment entered against them and file a pleading as though a final decision against them had never been entered. [Doc. 89].   Given the foregoing, the undersigned finds that the Moving Defendants' failure to appear and/or respond to Plaintiffs' claims was caused by willful evasion of this litigation and not by excusable neglect.  Because the undersigned finds that default was willful, rather than the result of excusable neglect, this factor alone is sufficient to justify denial of relief. *Dierschke*, 975 F.2 at 184.

Though the analysis ends when a finding of willful neglect is made, this Court notes that a decision to set aside the default judgment would prejudice Plaintiffs' interest in speedy resolution and in the finality of the Court's judgment.  Plaintiffs' ability to prosecute this case has already been greatly prejudiced by the Moving Defendants' failure to participate in this litigation.   Additionally, the Moving Defendants did not file this motion expeditiously following the entry of the judgment of which they were undisputedly aware, waiting over five months from the date of entry of default judgment to seek to have the judgment set aside. Furthermore, the Moving Defendants make no mention of the merits of the defenses they seek to raise by having the judgment set aside.

For the foregoing reasons, the MOTION TO SET ASIDE ENTRY OF PRELIMINARY DEFAULT

[R. 91] filed by Defendants Wayne Bruce and Federal Hockey, LLC, is DENIED.

SO ORDERED this 26th day of March, 2026, at Lafayette, Louisiana.

_____

DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE